IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

GEORGE A. JOHNSTON and
PAUL JEFFREY CONNALL, #418226          §

VS.                                    §          CIVIL ACTION NO. 6:23cv411

UNKNOWN WARDEN, et al.                 §

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiffs George A. Johnston and Paul Jeffrey Connall, proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 23, 2023, the Court issued an order, (Dkt. #4), directing both Johnston and Connall to file an amended complaint asserting only their own claims within thirty days from receipt of the order. The Court further explained that federal law requires parties in federal court to litigate their cases "personally or by counsel," and does not permit a layman to represent the interests of other parties. 28 U.S.C. § 1654; *see also Mosley v. Bowie Cty., Tex.*, 275 F. App'x 327, 328 (5th Cir. 2008). Recognizing Plaintiff Connall's accumulation of three strikes under the Prison Litigation Reform Act (PLRA) and the failure to allege imminent danger of serious physical injury, the Court also ordered Connall to submit the requisite $402.00 filing fee in order to proceed with this lawsuit. A copy of this order was mailed to both Plaintiffs at their last-known addresses. Plaintiffs have not filed any amended complaints, and mail sent to Johnston was returned as "undeliverable," (Dkt. #5).

1

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court.  Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Plaintiffs have an ongoing obligation and responsibility to inform the Court of their whereabouts through current mailing addresses. This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."

Here, both Johnston and Connall failed to file an amended complaint as ordered. Additionally, Johnston failed to file a notice of an updated address—and Connall further failed to submit the filing fee as directed. These failures evince Plaintiffs' failure to comply with an order of the Court. Johnston's failure to provide an updated address demonstrates his failure to prosecute his case. *See Martinez-Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex.—McAllen, Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)).

The failure to comply with an order of the Court and the failure to prosecute are not actions that threaten the judicial process—thereby rendering a dismissal with prejudice unwarranted.

Therefore, upon consideration of all factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiffs' failure to comply with an order of the Court and/or the failure to prosecute.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 4th day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3