IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GEORGE A. JOHNSTON and<br>PAUL JEFFREY CONNALL #418226 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv411 |
| UNKNOWN WARDEN, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

  This civil lawsuit was purportedly filed by George Johnson, a resident of Katy, Texas. But it referenced a "co plaintiff," Paul Jeffrey Connall, and is devoted entirely to seeking vindication of Connall's rights with regard to parole. Connall is a prisoner of the Texas Department of Criminal Justice whose history of frivolous litigation bars him, pursuant to 28 U.S.C. § 1915(g), from proceeding without full payment of the filing fee absent exigent circumstances not present here. (*See* Dkt. #4 at 2–3.) The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

  On August 23, 2023, the Court observed the discrepancies above concerning the true Plaintiff and nature of this suit and concluded that it appeared to be an attempt by Connall to assert claims without payment of the filing fee. (Dkt. #4.) Accordingly, the Court gave both Plaintiffs thirty days to satisfy their respective filing fee requirements and to file their own amended complaints limited to asserting their own claims. (*Id*.) The order expressly cautioned that failure to comply could result in dismissal. (*Id.* at 4.)

Neither Plaintiff has complied with either aspect of that order. Mail sent by the Court to Plaintiff Johnston at the address provided in the complaint was returned to the Court with the notation that "George A. Johnston has never lived at this address." (Dkt. #5.) This development confirms the Court's belief that this lawsuit at its inception was an effort by Paul Connall to perpetrate a fraud upon the Court.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."). Dismissal with prejudice for failure to comply with a court order is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

The Fifth Circuit has explained the criteria for dismissal with prejudice in this circumstance. First, such dismissal requires "both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *McNeal*, 842 F.2d at 790. The Court must also find "proof of one of the following 'aggravating factors'—(1) the plaintiff's personal contribution to the [conduct], (2) the defendant's actual prejudice because of the [conduct], and (3) [conduct] that can be characterized as intentional." *Id.*

As the Court has already observed, Plaintiff Connall has three "strikes" for the purpose of Section 1915(g). *See Connall v. Warden MTC-ISF*, No. 6:23CV321, 2023 WL 5217811, at *3 (E.D. Tex. July 5, 2023), *report and recommendation adopted*, No. 6:23-CV-00321, 2023 WL 5217796 (E.D. Tex. Aug. 14, 2023) (collecting Plaintiff's prior strikes and dismissing on that basis). At least one previous dismissal and another recommendation to dismiss without prejudice on that basis, entered before the complaint in this case was signed on August 6, 2023, were not sufficient to deter his misconduct him this case. *See id.*; *Connall v. Senior Warden MTC-ISF*, No. 6:23CV322, 2023 WL 5217810, at *1 (E.D. Tex. July 5, 2023), *report and recommendation adopted*, No. 6:23-CV-00322, 2023 WL 5217797 (E.D. Tex. Aug. 14, 2023) (dismissing pursuant to Section 1915(g)).

Plaintiff Connall personally and intentionally submitted his own claims in this case under the name of another individual, who has never resided at the address provided on the complaint and had no personal interest in Connall's claims, and he clearly attempted to evade the three-strikes bar by filing an IFP application on that person's behalf. Connall's attempt in this case to deceive the Court into considering claims he knows he is barred from asserting without payment is even more egregious than submitting a false IFP application, which would warrant dismissal on its own. 28 U.S.C. § 1915(e)(2)(A) (providing that a court shall dismiss at any time if it determines that the plaintiff's allegation of poverty is untrue). It is personal, intentional misconduct that has not been deterred by previous dismissals without prejudice pursuant to Section 1915(g). This constitutes action that threatens the judicial process—thereby warranting a dismissal with prejudice. *See Osoria v. Am. Tel. & Tel. Co.*, No. 11-CV-4296, 2013 WL 4501450, at *2 (N.D. Ill. Aug. 21, 2013) ("As the purpose of the IFP application is to encourage forthrightness and discourage fraud on the court, dismissal with prejudice has been viewed as an appropriate sanction for lying on the IFP.");

3

*Sinclair v. Mobile 360, Inc.*, No. 1:07CV117, 2011 WL 3804413, at *6 (W.D.N.C. Aug. 29, 2011) (finding that plaintiffs who submitted fabricated filings to the court "attempted to deceive and defraud the Court, undermined the integrity of the judicial process, and engaged in an ongoing abuse of the judicial process that warrants this Court's exercise of its inherent power to dismiss this action with prejudice").

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff Connall be denied leave to proceed as a pauper and that his claims be dismissed with prejudice for failure to comply with an order of the Court and to take the steps necessary to prosecute this case and for his willful deception in an effort to avoid the filing fee for this case. Because Plaintiff Johnston—if he exists—cannot assert claims based on alleged violations of Connall's rights, dismissal of his claims with prejudice is also appropriate.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 16th day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE